Submitted February 14, reversed and remanded May 16, 2012

Christopher M. CROTHERS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
11AB1644, 11AB1946;
A149122

279 P3d 304

Diane C. Cady argued the cause and filed the brief for petitioner.

Denise G. Fjordbeck waived appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Claimant seeks review of an order of the Employment Appeals Board, contending that the board erred in determining that he was disqualified from receiving unemployment compensation benefits for approximately 12 weeks because, during those weeks, he was "unavailable for work," a statutory disqualification for receipt of benefits. ORS 657.155(1)(c). According to the board, claimant was a CPR instructor and, during some of the normal working hours for CPR instructors, claimant was unavailable because he was attending classes to upgrade his professional qualifications. Claimant maintains that he was a construction superintendent, not a CPR instructor, and that he was never unavailable for work during normal working hours for construction superintendents. We conclude that the board's conclusion that claimant was unavailable for work and therefore ineligible for benefits is not supported by substantial evidence. ORS 657.282; ORS 183.482(8)(c). We therefore reverse.

The relevant law governing this case is not in dispute. ORS 657.155(1)(c) states the eligibility requirements for unemployment compensation benefits. It provides that for each week for which a person seeks unemployment benefits, the person must be able to work, *available for work*, and actively be seeking and unable to obtain suitable work. OAR 471-030-0036(3) provides that a person is considered to be available for work for purposes of ORS 657.155(1)(c) if the person is "[w]illing to work full time, part time, and accept temporary work opportunities, during all of the usual hours and days of the week customary *for the work being sought*[.]" (Emphasis added.)

The facts, as well as the law, are largely undisputed. According to his uncontradicted testimony, claimant's primary occupation for the last 30 years has been in construction. In February 2009, claimant was laid off from work as a construction superintendent and sought unemployment insurance benefits beginning with the week of February 10, 2009. During the entire period of his unemployment—through June 12, 2010—claimant sought and was available for work as a construction superintendent. Customary days and hours for construction superintendents are Monday

through Friday, day shift. Claimant sought and received benefits of $482 per week during that period.

While employed as a construction supervisor, claimant had also worked some weekends as a CPR instructor but, according to the uncontradicted testimony, teaching CPR was his avocation. He also considered it to be useful to him in his employment as a construction superintendent. Claimant taught CPR part time at Clackamas Community College and through a private company, CPR Lifeline. After claimant was laid off in 2009, CPR Lifeline asked claimant to teach more classes and, during the time that he was unemployed as a construction superintendent, claimant made himself more available as a CPR instructor.

Claimant had a basic EMT certification. At the suggestion of one of CPR Lifeline's owners, claimant decided to become certified as an EMT-Intermediate (EMT-I), as it would give him a higher rank as an instructor and provide good marketing for CPR Lifeline. One of CPR Lifeline's owners taught the class for EMT-I at Clackamas Community College. The EMT class met two evenings per week from January to June 2010. Claimant notified CPR Lifeline of his class schedule so that it would not schedule him to teach CPR on those evenings. Due to his EMT-I class schedule, there were four evenings from January to June 2010, when claimant was not available to teach CPR classes through CPR Lifeline.

Because claimant had listed CPR Lifeline as his most recent employer on his benefit claim forms, the department began to send paperwork to CPR Lifeline. CPR Lifeline advised the department that claimant had not been available for work on all dates from January 3 through June 12, 2010, because he had been attending evening classes. The customary working hours for CPR instructors included evenings.

When claimant found full-time employment in November 2010, he discontinued teaching at CPR Lifeline. During the entire period when he was unemployed as a construction superintendent, he consistently sought work in that field by networking, sending out resumes, and otherwise pursuing employment opportunities.

In December 2010, the department issued notices to claimant advising him that it had determined that he had been ineligible for benefits for weeks from January 3, 2010 through June 12, 2010. The reason for the disqualification was that the department had found that claimant was seeking work as a CPR instructor and, during the weeks at issue, there were dates when claimant had made himself unavailable to teach classes for CPR Lifeline because of his EMT-I class. The department concluded that claimant's unavailability for CPR teaching on those dates disqualified him from benefits for those weeks. An administrative law judge and the board affirmed the department's determination. The board's order explained:

"To be eligible for * * * benefits, unemployed individuals must meet the requirements for regular benefits and be able to work, available to work, and actively seek work during each week claimed. ORS 657.155(1)(c). An individual must meet certain minimum requirements to be considered 'available for work' for purposes of ORS 657.155(1)(c). OAR 471-030-0036(3) (January 8, 2006). Among those requirements are that the individual be willing to work full time, part time and accept temporary work opportunities during all of the usual hours and days of the week customary for the work being sought, and refrain from imposing conditions that limit the individual's opportunities for return to work at the earliest possible time. *Id.*

"The Department met its burden [to establish that claimant was ineligible to receive the benefits in question]. During the weeks at issue, claimant was attending class and working toward EMT certification at Clackamas Community College. Although he sought work during those weeks, he was not willing to quit school to accept all work opportunities because he believed the certification would make him more employable and benefit the employer. Claimant notified his employer of his class schedule so the employer would not schedule him to work at times that interfered with class attendance or final exam study. As a result, claimant missed part-time work opportunities during the weeks at issue. Claimant's school attendance imposed a condition that substantially limited his opportunity to return to work at the earliest possible time. Claimant was not available for work during the weeks at issue."

Claimant seeks judicial review.

In his petition, claimant contends that the board erroneously determined that he was unavailable for work. According to claimant, the board reasoned that the "work being sought" by claimant, OAR 471-030-0036, was as a CPR instructor and that his attendance at evening classes made him unavailable for that work because the customary hours for CPR instructors included evenings. Claimant asserts that the board's determination that he was seeking work as a CPR instructor is not supported by substantial evidence in the record. We agree with claimant.

Although claimant made himself available for employment as a CPR instructor during his period of unemployment, the record shows that he was not seeking employment in that field. Rather, the undisputed evidence shows that, during his entire period of unemployment, the work that claimant was seeking was as a construction superintendent. The record further shows that the classes that claimant took to become certified as an EMT-I occurred during evenings and therefore did not interfere with his availability for work as a construction superintendent, an occupation, as noted, for which customary hours occur during the day shift. Although OAR 471-030-0036(1)(a) provides that, if a worker is unable to find work in his or her customary occupation, the Director of the Employment Department "may require the individual to seek less desirable but similar work or work of another type," there is no indication in this record that the department ever required claimant to seek work as a CPR instructor. We accordingly conclude that the department's order disqualifying claimant from benefits is not supported by substantial evidence.

Reversed and remanded.